# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE RICHARDSON, | |
| Plaintiff, | |
| v. | Civil Action No. 8:13-cv-01207-AW |
| RAY MABUS, | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court are Defendant's Motion to Dismiss and Defendant's Motion for Extension of Time. The Court has carefully reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES AS MOOT** both Defendant's Motion for Extension of Time and Second Motion for Extension of Time.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The instant case sounds in employment discrimination. Pro se Plaintiff is a Maryland resident. Plaintiff is an African-American male and was over the age of forty at all relevant times. Plaintiff worked for the Defendant Ray Mabus, Secretary of the United States Department of the Navy ("Defendant" or "Navy") at all relevant times. In his Complaint, Plaintiff alleges eleven discrete acts of discrimination and retaliation that date to 2004.

Act one occurred on April 19, 2004. On this date, Plaintiff alleges that Defendant forced him to accept a lower-paying, nonsupervisory position based on prior EEO activity. Apparently, Plaintiff engaged in additional EEO activity or complained about discrimination on this date.

Act two occurred on August 13, 2004. On this date, Plaintiff alleges that Defendant gave him an undesirable reassignment. Plaintiff also alleges that Defendant treated him disparately by checking to see what time he would sign in for work and by denying his request for "offsite training" with sarcasm. Plaintiff attributes these acts to his prior EEO activity.

Act three occurred in March/April 2005. At this time, Plaintiff alleges that Defendant denied him "off-site training." Doc. No. 1 at 5.

Act four occurred in May 2006. At this time, Defendant denied Plaintiff access to a Navy "website Intranet." *Id.* at 4. Plaintiff blames this act on his apparent EEO activity of April 19, 2004.

Act five occurred on November 10, 2008. On this date, Plaintiff alleges that Defendant discriminated and retaliated against him by promoting "Mr. Lassiter" to the "Site Manager" position. *Id.* Although Plaintiff alleges that Lassiter is African American, Plaintiff avers that Defendant promoted him to create the appearance of diversity.

Act six occurred on July 24, 2009. On this date, Defendant promoted a Stephen Bryan, a White male, to the Site Manager position. Plaintiff alleges that Bryan was younger and less-qualified than Plaintiff. Although Plaintiff vaguely discusses his qualifications, he makes no mention of Bryan's.

Act seven occurred on July 27, 2010. On this date, Plaintiff alleges that Bryan denied his request for leave to attend his deceased sister's funeral. Plaintiff adds that the request had previously been approved.

Act eight occurred on September 2, 2010. On this date, Plaintiff alleges that Bryan denied his request for forty hours of compensatory leave. Plaintiff further alleges that Bryan should have approved his request because he had worked until midnight approximately two weeks before this date.

Act nine occurred on September 21, 2010. On this date, Plaintiff alleges that Bryan "interfered with his receiving 40 hours of donated leave from his Spouse." *Id.* at 3.

Act ten occurred on October 1, 2010. On this date, Defendant placed "LTJG John Edwards" in the Site Manager position. Plaintiff further alleges that Defendant preselected Edwards for the position by way of ensuring that Bryan would occupy it later on. Plaintiff adds that Edwards was a young White male and suggests that Defendant did not announce the position's availability.

Act eleven occurred on or around October 4, 2010. On this date, Defendant informed Plaintiff that it would be rehiring Bryan as Site Manager.

In the meantime, on August 4, 2010, Plaintiff contacted an EEO counselor. Doc. No. 1-1 at 1. In November 2010, Plaintiff filed a formal EEO complaint alleging that Defendant had discriminated against him based on race, sex, and age. The EEOC ("Agency") investigated Plaintiff's complaint and dismissed his claims. This decision was affirmed on May 15, 2012.

On April 26, 2013, Plaintiff filed the instant Complaint. Based on the foregoing allegations, Plaintiff asserts claims for discrimination based on race, age, and sex. On July 2, 2013, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). Doc. No. 27. Defendant filed an untimely Response to this Motion on August 16, 2013. Substantively, Defendant's Response is indistinguishable from his Complaint.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss 12(b)(1)

Generally, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) (citation omitted). "Courts may consider materials outside the pleadings to determine whether they have subject matter jurisdiction." *Bennett v. Kaiser Permanente*, Civil Action No. 10–CV–2505 AW, 2013 WL 1149920, at *2–3 (D. Md. Mar. 20, 2013) (citation omitted). Although the Fourth Circuit has held that the failure of a federal employee to timely contact an EEO counselor does not, per se, deprive courts of subject matter jurisdiction, the issue is still whether the employee has exhausted administrative remedies. *See Zografov v. V.A. Medical Ctr.*, 779 F.2d 967, 969–70 (4th Cir. 1985). "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) . . . ." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted); *Puryear v. Shrader*, Civil No. PJM 11–3640 2013 WL 1833262, at *1 (D. Md. Apr. 30, 2013) (citation omitted). "[I]f the governmental entity challenges jurisdiction under Rule 12(b)(1) . . . the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603–04 (D. Md. 2012) (alteration in original) (citation and internal quotations marks omitted).[1]

---

[1] The only document that the Court cites in the instant Opinion is the EEOC's decision affirming the Agency's dismissal of Plaintiff's Complaint. Plaintiff attached this document to the Complaint and it is integral thereto and/or incorporated therein. Therefore, the Court would properly rely on this document under the Rule 12(b)(6) analysis. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).

### B. Motion to Dismiss 12(b)(6)

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.     LEGAL ANALYSIS

### A.     Failure to Exhaust Administrative Remedies

Defendant urges the Court to dismiss the action because Plaintiff failed to meet with an EEO counselor within 45 days of many of the alleged discriminatory/retaliatory acts. Under EEOC regulations, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). This 45-day period is extended if "the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2).

In this case, Plaintiff contacted an EEO counselor on August 4, 2010. Therefore, with one exception noted below, Plaintiff cannot rely on acts occurring before June 20, 2010. However, acts (1) – (6) occurred at discrete points in time between April 19, 2004 and July 24, 2009. Furthermore, Plaintiff neither alleges nor argues that Defendant failed to notify him of the time limits and that he was otherwise unaware of them. Accordingly, Plaintiff failed to exhaust administrative remedies regarding these acts.

Arguably, Plaintiff's allegations support the inference that he contacted an EEO counselor regarding the first act on the same day that the act occurred (i.e., April 19, 2004). Assuming the truth of this apparent allegation, any acts occurring before June 3, 2004 would not be time-barred. However, acts (2) – (6) occurred after this date (i.e., August 13, 2004 to July 24, 2009). Therefore, regarding acts (1) – (6), the Court must address whether Plaintiff has stated a

facially plausible claims for only act (1). As the following section addresses whether Plaintiff has stated cognizable claims based on acts (7) – (11), the Court will reserve this question for that section.[2]

**B.     Failure to State a Claim**

The Court must address whether Plaintiff has stated cognizable discrimination and retaliation claims based on his race, sex, and age based on acts (1) and (7) – (11). The brevity of the Court's analysis reflects the clear deficiency of Plaintiff's allegations. All of the allegations share three overarching flaws. First, one could not plausibly infer from Plaintiff's allegations that impermissible animus against African-Americans or elderly persons motivated the acts. Plaintiff's conclusory allegations that Bryan and Edwards were young White males do not sufficiently suggest race, age, or sex discrimination. Indeed, Plaintiff acknowledges that Defendant promoted a Black male (Lassiter) to the same position. And, although Plaintiff seems to make contrary conclusory assertions in his Response, the Complaint contains no factual contentions creating a plausible inference that similarly situated employees were granted leave. Second, one could not plausibly infer that the complained-of acts are materially adverse. The thrust of Plaintiff's allegations is that he was generally dissatisfied with his job conditions and that he had a hard time getting along with his supervisors, which is insufficient to sustain an employment discrimination cause of action. *See, e.g.*, *Crockett v. SRA Int'l*, Civil Action No. 8:13–cv–00261–AW, 2013 WL 1856447, at *8 (May 1, 2013) (citing cases) (dismissing a complaint for discrimination and retaliation where "the allegations [did] no more than to suggest that Plaintiff was dissatisfied with her job and her employer's evaluation of her and had a hard

---

[2] For the reasons stated in Part III.B, acts (2) – (6) also fail to state facially plausible discrimination and retaliation claims.

time getting along with people"). Third, Plaintiff fails to allege a temporal or other causal link between the allegedly adverse actions and any prior EEO activity or complaint regarding perceived discrimination. Although Plaintiff apparently alleges that he contacted an EEO counselor after the alleged April 19, 2004 demotion, the next allegedly adverse action does not occur until nearly four months later and, due to his failure to exhaust, Plaintiff cannot even rely on acts until July 2010. *See, e.g.*, *Crockett*, 2013 WL 1856447, at *8 (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)) ("Standing alone . . . temporal proximity of four months is insufficient to suggest causation."). For these reasons, the Plaintiff's claims for racial discrimination, age discrimination, sex discrimination, and retaliation are not cognizable.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES AS MOOT** Defendant's Motion for Extension of Time and Second Motion for Extension of Time. A separate Order closing the case with prejudice follows.

| August 16 , 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |